IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JOSEPH P. PNIEWSKI,

    Plaintiff,

V.                                              CIVIL ACTION NO. 3:04-0354

WAYNE COUNTY COMMISSION, et al.,

    Defendants.

**<u>FINDINGS AND RECOMMENDATION</u>**

Joseph P. Pniewski filed a complaint asserting claims of infringement of federal and state constitutional rights and state law causes of action against Marjorie Martorella, the Wayne County Commission and the West Virginia Prosecuting Attorneys Institute. A motion to dismiss the complaint, insofar as it relates to the West Virginia Prosecuting Attorneys Institute and to claims against Martorella in her official capacity, was previously granted on Eleventh Amendment grounds. At the same time, federal claims against Martorella in her individual capacity were dismissed on grounds of prosecutorial immunity and, with respect to some allegations, for failure to state a claim upon which relief could be granted. There remains for resolution plaintiff's state law claims against Martorella and his claims against the Wayne County Commission which are presently before the Court on motions to dismiss filed by those defendants. In their motions, defendants assert that the Court lacks jurisdiction and that plaintiff has failed to state a claim on which relief can be granted.

Decision on the motion to dismiss filed by Marjorie Martorella requires, as an initial matter, a determination of whether the doctrine of prosecutorial immunity bars plaintiff's claims against

her as a matter of state law. The allegations upon which the claims against Martorella are based are set forth in the findings and recommendation previously submitted to the Court and will not be repeated here. It is sufficient to note that plaintiff's claims, beyond those which, however construed, provide no basis for relief, clearly involve conduct on her part which was "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Whether, as under §1983, such conduct affords Martorella absolute immunity from liability under state law is the question which must be answered. The Court believes that it does.

As an initial matter, the Court notes the absence of reported decisions on the issue of prosecutorial immunity. The fact that cases involving suits for damages against prosecutors are not found is probably an indication of a recognition of immunity on the part of the legal community. Beyond the apparent absence of civil litigation involving prosecutors, the Court would also note the fact that in a number of its decisions involving assertions of immunity on the part of public officials[1] the West Virginia Supreme Court has, as the Court pointed out in State v. Chase Securities, Inc. 424 S.E.2d 591, 594 (W.Va. 1992), found it "prudent to consider the development of the law by the United States Supreme Court," development "'predicated upon a considered inquiry into the immunity historically accorded the relevant official at common law and the interests behind it'" and one which is "compatible with [West Virginia's] common law traditions." This would, of course, indicate a likelihood that the Court would follow the United States Supreme Court's view that prosecutors, like judges,[2] are entitled

---

[1] See, Wilson v. Bernet, 625 S.E.2d 706, 710-11 (W.Va. 2005); City of Fairmont v. Hawkins, 304 S.E.2d 824, 830-31 (W.Va. 1983). See also, Better Government Bureau, Inc. V. McGraw, 904 F.Supp. 540, 549 n. 11 (S.D. W.Va. 1995).

[2] Judges are "absolutely immune from civil liability for damages for actions taken in the exercise of their judicial duties." Carey v. Dostert, 406 S.E.2d 678, 682 (W.Va. 1991). Prosecutorial immunity has been described as a quasi-judicial immunity.

to absolute immunity when acting within the scope of their prosecutorial duties.[3] Also of significance is the West Virginia Supreme Court's view that West Virginia Code §29-21-20 (1989) "shields appointed counsel from liability from suit." Powell v. Wood County Commission, 550 S.E.2d 617, 619 (W.Va. 2001). The statute provides that appointed counsel in criminal cases are immune from liability arising from their representation "in the same manner and to the same extent that prosecuting attorneys are immune from liability." The obvious inference from the Court's decision in Powell is that prosecutors are shielded "from liability from suit," an immunity which, as a consequence of §29-21-20, is shared by appointed counsel in criminal cases. Considering this background, the Court believes that, if presented with the issue,[4] the West Virginia Supreme Court would apply the doctrine of prosecutorial immunity as established by the United States Supreme Court in Imbler v. Pachtman, supra, and subsequent cases and would conclude that, under the facts of this case, the defendant, Marjorie Martorella, is immune from liability for damages under West Virginia law.

There remains plaintiff's claims against the Wayne County Commission ("Commission"). The Commission apparently bases the Rule 12(b)(1) aspect of its motion on the contention that it "is a state agency and is properly characterized as 'an arm of the State.'" Insofar as the Court is aware, however, there is no authority for characterizing the county commission as an "arm of the State" and the Commission has cited none. Wayne County is, as is noted in the Commission's brief, a political subdivision of the State of West Virginia, however, "municipal and other local government units" are "included among those persons to whom Section 1983 applies," Monell v. Department of

---

[3] Prosecutors occupy "a quasi-judicial position in the trial of a criminal case." State v. Adkins, 544 S.E.2d 914, 916 (W.Va. 2001).

[4] See, Private Mortgage Investment Services, Inc. v. Hotel and Club Associates, Inc., 296 F.3d 308, 312 (4th Cir. 2002).

Social Services of the City of New York, 436 U.S. 658, 690 (1978)[5] and counties, municipalities and other local governmental units are routinely made defendants in §1983 suits.

The aspect of the Commissioner's motion asserting that plaintiff has failed to state a claim on which relief can be granted, however, clearly has merit. The Court has carefully reviewed plaintiff's lengthy complaint and the attachments to the complaint and from that review can find no basis for asserting liability against the County Commission of Wayne County.[6] Plaintiff is complaining in this case about the manner in which he was prosecuted in the Circuit Court of Wayne County and, as has been seen, the actions of the special prosecutor, Marjorie Martorella, appointed to prosecute his case in the circuit court. The criteria for establishing municipal liability under §1983 are stringent. Revene v. Charles County Commissioners, supra at 874. Municipal liability cannot be predicated on the doctrine of respondeat superior or vicarious liability, but will attach when the "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Department of Social Services of the City of New York, supra at 694. To impose liability on a municipality a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his or her] rights." Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Plaintiff's complaint, however, is completely devoid of any allegations which would provide a basis for concluding that the County Commission of Wayne County was involved in his prosecution or in the actions of the special prosecutor of which he particularly complains. As he

---

[5] See also, Smallwood v. Jefferson County Government, 753 F.Supp. 657 (W.D. Ky. 1991); Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989).

[6] While there is no "heightened pleading standard" in cases involving municipal liability, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), nevertheless, the complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1965 (2007).

indicates in his complaint, Martorella "was employed by the Prosecutor's Institute of the State of West Virginia" and her employment was confirmed by order of the special judge appointed to preside over plaintiff's trial. Nothing indicates that Martorella's conduct as a prosecutor was subject to the control or direction of the Commission and there is no basis for concluding that her actions were in conformity with any policy or custom of the Commission. Presumably, decisions of a county commission affect a prosecutor's budget and, though not pleaded, funds may in some form have been supplied to the special prosecutor in this case. To attach liability on this basis, however, would be no different than attaching liability on the basis of the doctrine of <u>respondeat superior</u>, a doctrine under which plaintiff has asserted that the Commission is liable but one which, as <u>Monell</u> established, is not applicable in §1983 actions.

Insofar as plaintiff's state law claims against the Wayne County Commission are concerned, the Court simply perceives no basis in plaintiff's complaint for imposing liability on that body. The Commissioner is not involved in the matters of which plaintiff complains, the actors identified by him are not commissioners or employees of the Commission, and, as previously noted, there is no basis for concluding that the Wayne County Commission was involved in any way in the decisions made with respect to plaintiff's prosecution.

Although plaintiff's complaint is lengthy and contains numerous attachments, the Court simply finds no basis in that document or its attachments for imposing liability on the County Commission of Wayne County under either federal or state law.

## RECOMMENDATION

On the basis of the preceding, it is **RESPECTFULLY RECOMMENDED** that the motions to dismiss of the defendants Marjorie Martorella and the Wayne County Commission be granted and that this action be dismissed.

Plaintiff and defendants are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to plaintiff and all counsel of record.

FILED: July 21, 2008

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE